IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor                                                    PLAINTIFF

v.                                              Civil No. 09-2161

DIRECT WORKFORCE, INC., f/k/a DIRECT
MARINE ARKANSAS, L.L.C., a/k/a DIRECT
MARINE SERVICES, L.L.C., a Corporation;
SANDRA HESS, Individually; RAUL
HURTADO, Individually; JULIO RIVERA,
Individually; PEARL YOUNG, Individually,
and FALCON STEEL, INC., a Corporation                                              DEFENDANTS

## **FALCON STEEL'S ANSWER TO SECOND AMENDED COMPLAINT**

Separate Defendant, Falcon Steel, Inc. ("Falcon Steel"), which is without information or knowledge sufficient to form a belief about the truth of the allegations in the introductory clause of the Second Amended Complaint (and, so, denies the same), for its Answer to the Second Amended Complaint, states:

## **JURISDICTION**

I.

Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegation in paragraph I, and thus, denies the same.

II.

1.   Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.1 of the Second Amended Complaint, and thus, denies the same.

  2. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.2 of the Second Amended Complaint, and thus, denies the same.

  3. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.3 of the Second Amended Complaint, and thus, denies the same.

  4. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.4 of the Second Amended Complaint, and thus, denies the same.

  5. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.5 of the Second Amended Complaint, and thus, denies the same.

  6. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.6 of the Second Amended Complaint, and thus, denies the same.

  7. Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II.7 of the Second Amended Complaint, and thus, denies the same.

  8. Falcon Steel denies the allegations in paragraph II.8 of the Second Amended Complaint that it is doing business in Sebastian County and is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph II.8 of the Second Amended Complaint, and thus, denies the same.

## COVERAGE

I.

Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph I of the Second Amended Complaint, and thus, denies the same.

II.

Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph II of the Second Amended Complaint, and thus, denies the same.

III.

Falcon Steel admits the allegations in paragraph III of the Second Amended Complaint to the extent Falcon Steel engages in the business of selling steel to its customers and has annual gross sales in excess of $500,000.00 but is otherwise without information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph III of the Second Amended Complaint, and thus, denies the same.

## DEFENDANTS DIRECT WORKFORCE, SANDRA HESS, RAUL HURTADO, JULIO RIVERA, AND PEARL YOUNG

I.

Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the allegations in paragraph I through IV of the Second Amended Complaint, and thus, denies the same.

### DEFENDANT FALCON STEEL, INC.

Falcon Steel admits the allegations in this section of the Second Amended Complaint that a Commissioner's Sale was held in Ft. Smith, Arkansas, on January 13, 2010, and that Falcon Steel was the highest bidder for 4 barges in varying states of completion.  Falcon Steel is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in this section of the Second Amended Complaint, and thus, denies the same.

Falcon Steel denies all allegations not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Falcon Steel asserts affirmatively that Plaintiff has failed to state facts upon which relief may be granted as to Falcon Steel, pursuant to Fed. R. Civ. P. 12(b)(6), and has no claim against Falcon Steel.

Falcon Steel asserts affirmatively that the Court does not have jurisdiction over Falcon Steel for purposes of this lawsuit, pursuant to Fed. R. Civ. P. 12(b)(2), and that venue is improper as to Falcon Steel, pursuant to Fed. R. Civ. P. 12(b)(3).

WHEREFORE, Separate Defendant, Falcon Steel, Inc., prays for judgment in its favor and against the Plaintiff, dismissal of the complaint as to Falcon Steel with prejudice, an award of costs and attorney's fees, and for all other just and proper relief to which Falcon Steel is entitled.

Respectfully submitted,

NISWANGER LAW FIRM PLC
#5 Innwood Circle, Suite 110
Little Rock, AR 72211
Phone: (501) 223-2888
Fax: (501) 421-3651
E-mail: steve@niswangerlawfirm.com

By: _____
    Stephen B. Niswanger, Esq. #96012
    A. Cale Block, #2007149

*Attorneys for Falcon Steel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2010, I filed the foregoing via the Court's ECF system, which delivered a copy of this document to all individuals requesting notice, and by regular mail to the following:

Amy Hairston, Esq.
Lindsay A. Wofford, Esq.
U.S. Department of Labor
525 S. Griffin Street, Suite 501
Dallas, TX 75050

_____
Stephen B. Niswanger