IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor                      PLAINTIFF

          v.              Civil No. 09-2161

DIRECT WORKFORCE, INC., f/k/a DIRECT
MARINE ARKANSAS, L.L.C., a/k/a DIRECT
MARINE SERVICES, L.L.C., a Corporation;
SANDRA HESS, Individually; RAUL
HURTADO, Individually; CORNEL MARTIN,
Individually; HOPE MARTIN, Individually;
LINCOLN MARTIN, JR., Individually;
JESUS SAUCEDO, Individually; JULIO
RIVERA, Individually; PEARL YOUNG,
Individually; FALCON STEEL, INC., a
Corporation                                           DEFENDANTS

## O R D E R

Now on this 3rd day of November, 2010, come on for consideration **Plaintiff's Motion For Default Judgment Against Direct Workforce, Inc., Sandra Hess, Raul Hurtado, Julio Rivera, and Pearl Young** (document #40) and **Plaintiff's Motion To Clarify The Court's April 13, 2010, Order** (document #42), and the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff filed this action on December 29, 2009, to recover unpaid wages and overtime alleged to be due to employees of the original defendants (i.e., all defendants except Falcon Steel, Inc.). On March 19, 2010, plaintiff filed Waivers of the Service of Summons executed by Sandra Hess as agent for service of process of Direct Workforce, Inc. ("Direct Workforce"); Sandra Hess ("Hess"); Raul Hurtado ("Hurtado"); Julio Rivera ("Rivera");

and Pearl Young ("Young").

2.   On April 7, 2010, plaintiff filed her First Amended Complaint, which added Falcon Steel, Inc., as a defendant.   She also moved to dismiss defendants Cornel Martin; Hope Martin; Lincoln Martin, Jr.; and Jesus Sauceda, and this motion was granted.

3.   Plaintiff filed a Second Amended Complaint on July 30, 2010, to attach Exhibit A, which she failed to attach to the First Amended Complaint.   Neither the First Amended Complaint nor the Second Amended Complaint changed the material allegations against Direct Workforce, Hess, Hurtado, Rivera, and Young, although the Exhibit A attached to the Second Amended Complaint included more names than did the Exhibit A attached to the original Complaint.

4.   On May 20, 2010, the Clerk of Court entered the Default of Direct Workforce, Hess, Hurtado, Rivera, and Young.

5.   Neither Direct Workforce, Hess, Hurtado, Rivera, nor Young has answered or otherwise responded to the Complaint, the Amended Complaint, or the Second Amended Complaint.   The time for response has long passed, and plaintiff now moves for default judgment against them.

6.   Default judgment is a mechanism by which the Court can proceed to conclusion in a case where "the adversary process has been halted because of an essentially unresponsive party." **H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe**, 432 F.2d

-2-

**689, 691 (C.A.D.C. 1970).** The applicable rule, **F.R.C.P. 55,** provides for the entry of default judgment against a party that has failed to plead or otherwise defend, and it is applied by treating the factual allegations of the complaint, except those relating to damages, as true. **Wright, Miller & Kane, <u>Federal Practice And Procedure</u>, Civil 3d 2688.**

7.   The Complaint in this case makes the following allegations relevant to the Motion for Default Judgment:

*   that Direct Workforce does business in Fort Smith, Arkansas;

*   that Hess, Hurtado, Rivera, and Young actively manage, supervise, and direct the business affairs and operations of Direct Workforce, and are employers within the meaning of the Fair Labor Standards Act (the "Act");

*   that Direct Workforce, Hess, Hurtado, Rivera, and Young are engaged in the production of goods for commerce within the meaning of **29 U.S.C. § 203(s)(1);**

*   that starting September 21, 2009, Direct Workforce, Hess, Hurtado, Rivera, and Young violated **29 U.S.C. §§ 206** and **215(a)(2)** by paying employees less than the minimum hourly rates specified therein;

*   that starting September 21, 2009, Direct Workforce, Hess, Hurtado, Rivera, and Young violated **29 U.S.C. §§ 207** and **215(a)(2)** by employing employees for workweeks longer than 40

hours without compensating them for hours in excess of 40 at one and one-half their regular rate of pay;

* that Direct Workforce, Hess, Hurtado, Rivera, and Young have shipped, delivered or sold - or will, ship, deliver, or sell - certain goods with the knowledge that such shipment, delivery, or sale will violate **29 U.S.C. §§ 215(a)(1)**.

8. The foregoing factual allegations - conceded by default - are sufficient to establish violations of **29 U.S.C. §§ 206** and **207**, which prohibit, respectively, paying workers engaged in the production of goods for commerce at less than the minimum hourly wage, and paying them less than time and a half their regular rate for hours worked over forty hours in one week. The Court finds, therefore, that plaintiff is entitled to default judgment against Direct Workforce, Hess, Hurtado, Rivera, and Young, for violations of **§§ 206** and **207**. The Court also finds that plaintiff is entitled to default judgment to the extent that such violations also constitute a violation of **§ 215(a)(2)**.

9. The allegation that the defendants have shipped, or will ship, goods in violation of the Act, merits further discussion. The Court is aware, because it sits in judgment on both cases, of the facts and circumstances of related litigation styled <u>Falcon Steel, Inc. v. U.S. Technology Marine Services, LLC, et al.</u>, United States District Court, Western District of Arkansas, case number 09-2007 ("Case 09-2007").

-4-

Case 09-2007 arose out of a dispute between buyer and seller for payment of steel used to construct river barges at a shipyard in Fort Smith, Arkansas.  The seller, Falcon Steel, Inc., obtained a judgment against the buyer, and bought in the barges at a judicial sale.  At least one of the barges,[1] in some stage of completion, remains at the shipyard, and there is continuing litigation in Case 09-2007 related to rental charges for use of the shipyard to complete it.

Although the Complaint and its amendments do not so specify, it is clear from other motions, pleadings, and exhibits thereto, that the case at bar arises out of claims that Direct Workforce and the individual defendants employed workers to complete the barge involved in Case 09-2007. To the extent the barge may have been - or may be - completed with labor not fairly paid under the Act, it is a "hot good" whose transportation, shipment, delivery, or sale in commerce is prohibited by **29 U.S.C. § 215(a)(1).**

On April 13, 2010, the Court entered an Order enjoining all parties from moving the barge[2] "until resolution -- either by settlement or by judicial decision -- of plaintiff's claim for $28,050.35 in back wages allegedly owed to Direct Workforce employees."

---

[1]Case 09-2007 involved multiple barges, and the Court has no way of knowing, at this point, whether only one remains at the shipyard.  Use of the singular form of the word "barge" in this opinion is not intended to limit relief or recovery to only one barge, in the event the evidence shows that more than one is involved.

[2]Alleged by plaintiff to be "composed of section number HD123, HD 125, and HD126," and referred to in the Court's Order simply as "the Barge."

Unless the barge described in the April 13, 2010, Order is transported, shipped, delivered, or sold in commerce, there will not be a violation of **§ 215(a)(1)** (at least insofar as that particular barge is concerned). There is no showing that there has been any violation of the Order, or any intent to violate it. In the absence of any such showing, the Court is not persuaded that plaintiff is entitled to a default judgment that Direct Workforce, Hess, Hurtado, Rivera, and Young have violated **§ 215(a)(1)**.

10. Plaintiff's Motion To Clarify expresses her concern that the entry of a default judgment might be deemed "resolution" by judicial decision of her claim for $28,050.35 in back wages allegedly owed to Direct Workforce employees, thus allowing movement of the barge now protected by the April 13, 2010, Order. As will be seen, infra, no default judgment will be entered until the Court has conducted a hearing on damages, and there is an ongoing dispute in Case 09-2007 that has prevented making the barge seaworthy. Under these circumstances, the Court is not persuaded that there is any need - at least not at this point - for it to "clarify" the April 13, 2010, Order, and the motion asking it to do so will be denied.

11. The Complaint in this case does not seek a specific amount of damages, nor do its amendments. Plaintiff has submitted affidavits relating to damages, but those affidavits raise

-6-

questions in the Court's mind.  For example, four employees who are shown as working only one day apiece are said to be owed between $486 and $580 apiece.  There is no way an overtime violation could arise in one day, nor is it mathematically possible that even a failure to pay any wage at all could give rise to minimum wage loss of those amounts in one day.

In order to ascertain the correct damages to be awarded by default, the Court will conduct a hearing, as authorized by **F.R.C.P. 55(b)(2).**  This hearing is scheduled for 1:30 p.m. on Thursday, December 16, 2010.  Judgment by default against Direct Workforce, Hess, Hurtado, Rivera, and Young, for violations of **29 U.S.C. §§ 206, 207,** and **215(a)(2)** will be entered when damages for such violations have been determined.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion For Default Judgment Against Direct Workforce, Inc., Sandra Hess, Raul Hurtado, Julio Rivera, and Pearl Young** (document #40) is **granted** in part and **denied** in part.

The motion is **granted** insofar as it seeks default judgment against these defendants for violations of **29 U.S.C. §§ 206, 207,** and **215(a)(2),** and judgment by default will be entered following a hearing on damages to be conducted at 1:30 p.m. on Thursday, December 16, 2010.

The motion is **denied** insofar as it seeks default judgment

against the defendants for violation of **29 U.S.C. § 215(a)(1).**

      **IT IS FURTHER ORDERED** that **Plaintiff's Motion To Clarify The Court's April 13, 2010, Order** (document #42) is **denied.**

      **IT IS SO ORDERED.**

                    **/s/ Jimm Larry Hendren**
                  **JIMM LARRY HENDREN**
                  **UNITED STATES DISTRICT JUDGE**